UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABEL HERNANDEZ-OLIVAS,<br><br>              Petitioner/Defendant,<br><br>         v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | Case No. 4:10-cv-00512-BLW<br>              4:08-cr-00240-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

     Before the Court is a Petition (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, by Defendant/Petitioner Abel Hernandez-Olivas. The government opposes and requests dismissal of Hernandez-Olivas's Petition (Dkt. 12). Petitioner filed a Reply (Dkt. 14). Being familiar with the record and having considered the briefing, the Court will deny Hernandez-Olivas's Petition, as discussed below.

### BACKGROUND

     On October 29, 2008, Petitioner Abel Hernandez-Olivas was indicted on counts 1 and 24 in criminal case no. 02-cr-00079, involving 20 co-defendants. Those counts charged: (1) conspiracy to possess and distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); and (2) possession with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. *Superseding*

*Indictment*, Dkt. 101 in 08-cr-00240.[1] Attorney Randall S. Barnum was appointed to represent Petitioner.

Mr. Barnum informed Petitioner that he was unfamiliar with immigration law, but believed Petitioner would not be deported as a result of his plea. On July 29, 2009, Petitioner pleaded guilty to count 24 – possession with intent to distribute a controlled substance. *Rule 11 Plea Agreement*, Dkt. 275. In exchange, the government dismissed the Superseding Indictment's count 1 against Petitioner. *Id.* On November 19, 2009, Petitioner was sentenced to five years of probation. *Judgment*, Dkt. 439.

Petitioner was detained by the Department of Homeland Security in January 2010, and charged with being removable due to his drug distribution conviction. *Pet. Mem.*, Dkt. 6 at 2. Petitioner applied for asylum. But on May 19, 2010, his application was denied, and he was ordered deported and his Lawful Permanent Resident status revoked. *Id.* Petitioner never pursued a direct appeal, but now moves for relief under 28 U.S.C. § 2255.

## LEGAL AUTHORITY

A prisoner wishing to collaterally attack his sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). However, relief under § 2255 is only available to persons in government custody. *U.S. v. Kwan*, 407 F.3d 1005, 1009 (9th Cir. 2005) (abrogated on other grounds

---

[1] Unless otherwise indicated, citations to the court docket in this Background section only, shall reference Petitioner's criminal case no. 08-cr-00240.

in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010)). For those out of custody, relief is available under the writ of *coram nobis*. *Id.* at 1009-11; 28 U.S.C. § 1651(a).

A writ of *coram nobis* "provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." *Id.* at 1009-10 (citing *McKinney v. U.S.*, 71 F.3d 779, 781 (9th Cir. 1995)). For *coram nobis* relief, a Petitioner must establish four elements: (1) that a more usual remedy is unavailable; (2) a valid basis for failing to challenge the conviction earlier; (3) adverse consequences arising from the conviction; and (4) that the error is "of the most fundamental character." *Id.* at 1011 (citing *McKinney*, 71 F.3d at 781-82).

Because Petitioner here lacks standing to pursue relief under § 2255, the first element for *coram nobis* relief is met – the usual remedy is unavailable. Petitioner sought relief 11 months after judgment, and just 5 months after he was ordered deported based on his conviction. Therefore, the second element, requiring a valid basis for the timing of his petition, is also satisfied. As to the third element, the Ninth Circuit recognizes deportation as an adverse consequence. *Kwan*, 407 F.3d at 1014 (citations omitted). Regarding the final element, the fundamental error requirement is satisfied where a petitioner received ineffective assistance of counsel. *Id.*

The parties here have both proceeded under § 2255 rather than the writ of *coram nobis*. However, under either doctrine, the Court's analysis rests upon Petitioner's ineffective assistance of counsel claim.

MEMORANDUM DECISION AND ORDER - 3

## ANALYSIS

**1.    Ineffective Assistance of Counsel**

Petitioner argues that his trial counsel was deficient by failing to advise him that his plea of guilty would subject him to deportation. The U.S. Supreme Court outlined the required elements for an ineffective assistance of counsel claim in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's deficiencies, the outcome would have been different. *Id*. at 687-694.

On March 31, 2010, the U.S. Supreme Court addressed *Strickland*, in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). There, the U.S. Supreme Court held that *Strickland* applies to bad advice, as well as failure to properly advise. *Id.* at 1484-87. Specifically, the *Padilla* court held that counsel's failure to advise defendant that his guilty plea would subject him to deportation, satisfied the first prong of *Strickland*. *Id.* at 1486-87.

Petitioner's conviction and sentence became final on December 3, 2009, the deadline for his appeal. RAP 4(b)(1)(A)(i). The Supreme Court decided *Padilla* four months later. At issue here is whether *Padilla* applies retroactively to Petitioner.

**2.    Retroactivity**

Whether a rule of criminal procedure applies retroactively is governed by *Teague v. Lane*, 489 U.S. 288 (1989). *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). In *Teague*, the Supreme Court held that a new constitutional rule of criminal procedure will

not apply to cases that became final before the rule was announced. *Teague*, 489 U.S. at 310. The new rule will apply only to criminal cases then pending direct review, subject to two exceptions: (1) a rule substantive in nature, and (2) a "watershed rul[e] . . . implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton*, 549 U.S. at 416 (citations omitted).

As to the first exception, a rule is substantive where it "alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (9th Cir. 2004). A rule only satisfies the second exception where its infringement both "seriously decreases the likelihood of obtaining an accurate conviction," and also "alters our understanding of bedrock procedures" necessary to a proceeding's fairness. *Leavitt v. Arave*, 383 F.3d 809, 825 (9th Cir. 2004). The Court finds that neither exception to non-retroactivity applies here. *See Chaidez v. U.S.*, 655 F.3d 684, 688 (7th Cir. 2011). The parties have not argued otherwise.

The remaining question is thus whether *Padilla* announced a new rule. For this analysis, it is helpful to discuss the definition of an old rule. A rule is old, and therefore applies retroactively, if it is "dictated by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301. Whether *Padilla* was dictated by precedent, or instead announced a new rule, is unsettled.

The Third Circuit Court of Appeals has held that *Padilla* applied the old rule established in *Strickland*, but to new facts. *U.S. v. Orocio*, 645 F.3d 630 (3d Cir. 2011). The Seventh Circuit disagreed, concluding that *Padilla* announced a new rule of criminal

procedure that was thus inapplicable on collateral review, in *Chaidez v. U.S.*, 655 F.3d 684 (7th Cir. 2011); the Tenth and Fifth Circuits have followed the Seventh. *U.S. v. Amer*, 681 F.3d 211 (5th Cir. 2012); *U.S. v. Chang Hong*, 671 F.3d 1147 (10th Cir. 2011) (addressing exceptions to rule). On April 30, 2012, the United States Supreme Court granted certiorari to address the issue. *Chaidez v. U.S.*, 132 S.Ct. 2101 (2012). The Ninth Circuit Court of Appeals has yet to weigh in. Thus, until the Supreme Court resolves the conflict, this Court considers the reasoned decisions from other circuits.

In *Orocio*, the Third Circuit focused on whether the *Strickland* rule provided sufficient guidance for resolving the ineffective assistance of counsel claim before it. Finding that it did, the *Orocio* court concluded that *Padilla* was not a new rule, but followed directly from *Strickland*. *Orocio*, 645 F.3d at 639. Concluding the opposite in *Chaidez*, the Seventh Circuit approached the issue by first discussing the context in which *Teague* was developed. *Chaidez*, 655 F.3d 688.

The *Chaidez* court noted that *Teague* was not intended as a mechanism to reexamine reasonable, good-faith final judgments, with newly-established legal doctrine. *Chaidez*, 655 F.3d at 688 (citing *Sawyer v. Smith*, 497 U.S. 227, 235 (1990)). With that in mind, the court focused on whether *Padilla*'s outcome was objectively debatable. *Chaidez*, 655 F.3d at 688. If so, then Chaidez's final judgment and conviction must not be disturbed even though contrary to the later-issued *Padilla* decision. But, if instead *Padilla*'s outcome was compelled by existing precedent, then the court must apply it retroactively to Chaidez's judgment, under the Constitution. *Id.* at 689.

The *Chaidez* court determined that *Padilla* was subject to dispute among reasonable minds. *Id*. at 692. In reaching its conclusion, the court cited the lower courts' conflicting views, the concurring and dissenting opinions in *Padilla* itself, and varying pre-*Padilla* state and federal court decisions. *Id.* at 689-92. Given the broad array of views leading up to and included in *Padilla*, the court concluded that the rule was new and not retroactively applicable. *Id.* This Court is persuaded by the reasoning in *Chaidez*.

Notably, until *Padilla*, the Supreme Court had never held that a criminal defense attorney was constitutionally required to advise clients about matters not directly related to their criminal prosecution. *Id.* at 693. Also, the Supreme Court has recognized the possibility – although rare – that application of a rule such as *Strickland* to unique facts could "yield[ ] a result so novel that it forges a new rule . . . not dictated by precedent." *Williams v. Taylor*, 529 U.S. 362, 382 (2000). The Court here agrees with the Seventh Circuit that *Padilla* is such an exception. *Chaidez*, 655 F.3d at 692-93. This Court also agrees with the Fifth Circuit's finding that *Padilla* marked a significant departure from the existing legal landscape. *Amer*, 681 F.3d at 213. As a new rule, *Padilla* cannot be applied retroactively to Petitioner here.

Accordingly, Petitioner has failed to establish that counsel's performance fell below an objective standard of reasonableness under the first prong of *Strickland*, at the time that his conviction became final. The Court need not address the second prong, regarding prejudice. Based on the above analysis, the Petition (Dkt. 1) will be denied.

## ORDER

**IT IS ORDERED THAT:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) under § 2255 is DENIED.

2. Judgment will be entered separately.

DATED: October 25, 2012

B. Lynn Winmill
Chief Judge
United States District Court